UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Roger Hiott, ) | C/A No. 9:20-cv-02463-BHH-MHC |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | |
| ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff John Roger Hiott (Hiott) filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Administrative Law Judge's (ALJ's) final decision denying his claim for disability insurance benefits (DIB) under the Social Security Act (Act). This case was referred to the undersigned for a report and recommendation pursuant to Local Civil Rule 73.02(B)(2)(a) (D.S.C.). For the reasons that follow, the undersigned recommends that the ALJ's decision be affirmed.

## I.    BACKGROUND[1]

Hiott previously applied for DIB and supplemental security income (SSI). An ALJ ultimately denied those applications in a decision dated October 30, 2014; those denials were not appealed, and the prior ALJ's decision became final for the period through October 30, 2014. R.pp. 106–16.

Hiott filed the current application on June 13, 2016, alleging disability beginning April 30, 2009. R.pp. 213–19. The state agency responsible for adjudication at the initial and reconsideration

---

[1] Citations to the record refer to the page numbers in the Social Security Administration Record. *See* ECF No. 9.

levels of administrative review denied the claim. R.pp. 145–48, 153–56. At Hiott's request, ALJ Danette Mincey convened a hearing where Hiott (who was represented by counsel) and an impartial vocational expert testified. R.pp. 69–102. In a decision dated May 20, 2019, the ALJ found that Hiott was not disabled within the meaning of the Act. R.pp. 15–27. The Appeals Council denied Hiott's request for review, making the ALJ's decision final. R.pp. 1–6. This appeal followed.

Because this Court writes primarily for the parties who are familiar with the facts, the Court dispenses with a lengthy recitation of the medical history from the relevant period. To the extent specific records or information are relevant to or at issue in this case, they are addressed within the Discussion section below.

## II.     APPLICABLE LAW

### A.  Scope of Review

Jurisdiction of this Court is pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Under § 405(g), judicial review of a final decision regarding disability benefits is limited to determining (1) whether the factual findings are supported by substantial evidence, and (2) whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)). Accordingly, a reviewing court must uphold the final decision when "an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (internal quotation marks omitted).

"Substantial evidence" is an evidentiary standard that is not high: it is "more than a mere scintilla" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). A reviewing court

does not reweigh conflicts in evidence, make credibility determinations, or substitute its judgment for that of the ALJ. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Id.* (alteration in original) (internal quotation marks and citation omitted). However, this limited review does not mean the findings of an ALJ are to be mechanically accepted, as the "statutorily granted review contemplates more than an uncritical rubber stamping of the administrative action." *Howard v. Saul*, 408 F. Supp. 3d 721, 725–26 (D.S.C. 2019) (quoting *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969)).

### B. Social Security Disability Evaluation Process

To be considered "disabled" within the meaning of the Social Security Act, a claimant must show that he has an impairment or combination of impairments which prevent him from engaging in all substantial gainful activity for which he is qualified by his age, education, experience, and functional capacity, and which has lasted or could reasonably be expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C. § 423. The Social Security Administration established a five-step sequential procedure in order to evaluate whether an individual is disabled for purposes of receiving benefits. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015) (outlining the questions asked in the five-step procedure). The burden rests with the claimant to make the necessary showings at each of the first four steps to prove disability. *Mascio*, 780 F.3d at 634–35. If the claimant fails to carry his burden, he is found not disabled. *Lewis v. Berryhill*, 858 F.3d 858, 861 (4th Cir. 2017). If the claimant is successful at each of the first four steps, the burden shifts to the Commissioner at step five. *Id.*

At the first step, the ALJ must determine whether the claimant has engaged in substantial gainful activity since his alleged disability onset date. 20 C.F.R. §§ 404.1520(b), 416.920(b). At

step two, the ALJ determines whether the claimant has an impairment or combination of impairments that meet the regulations' severity and duration requirements. *Id.* §§ 404.1520(c), 416.920(c). At step three, the ALJ considers whether the severe impairment meets the criteria of an impairment listed in Appendix 1 of 20 C.F.R. part 404, subpart P (the "Listings") or is equal to a listed impairment. If so, the claimant is automatically eligible for benefits; if not, before moving on to step four, the ALJ assesses the claimant's residual functional capacity (RFC).[2] *Id.* §§ 404.1520(d), (e), 416.920(d), (e); *Lewis*, 858 F.3d at 861.

At step four, the ALJ determines whether, despite the severe impairment, the claimant retains the RFC to perform his past relevant work. 20 C.F.R. §§ 404.1520(e), (f), 416.920(e), (f). If the ALJ finds the claimant capable of performing his past relevant work, he is not disabled. *Id.* §§ 404.1520(f), 416.920(f). If the exertion required to perform the claimant's past relevant work exceeds his RFC, then the ALJ goes on to the final step.

At step five, the burden of proof shifts to the Social Security Administration to show that the claimant can perform other jobs existing in significant numbers in the national economy, considering the claimant's age, education, work experience, and RFC. *Id.* §§ 404.1520(g), 416.920(g); *Mascio*, 780 F.3d at 634–35. Typically, the Commissioner offers this evidence through the testimony of a vocational expert answering hypotheticals that incorporate the claimant's limitations. *Mascio*, 780 F.3d at 635. "If the Commissioner meets her burden, the ALJ finds the claimant not disabled and denies the application for benefits." *Id*.

### III.     DISCUSSION

#### A.  ALJ's findings

The ALJ employed the statutorily-required five-step sequential evaluation process to

---

[2] The RFC is "the most the claimant can still do despite physical and mental limitations that affect her ability to work." *Mascio*, 780 F.3d at 635 (internal quotation marks and citations omitted).

4

determine whether Hiott was disabled from the alleged onset date of April 30, 2009. The ALJ found, in pertinent part:

> 1. Claimant last met the insured status requirements of the Social Security Act on December 31, 2014.
>
> 2. Claimant did not engage in substantial gainful activity from October 31, 2014, the beginning of the relevant time period, through December 31, 2014, his date last insured (20 CFR 404.1571 *et seq*.).
>
> 3. During the period under consideration, claimant had the following severe impairments: degenerative disc disease of the lumbar, thoracic, and cervical spine status post anterior cervical discectomy and fusion at C4 through C7; cervical spondylitic radiculopathy; right hip osteoarthritis; and obesity (20 CFR 404.1520(c)).
>
> 4. During the period under consideration, claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that, during the period under consideration, claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) with some non-exertional limitations. Specifically, claimant was able to lift and carry up to 10 pounds occasionally and lesser amounts frequently. He could sit for 6 hours in an 8-hour day, and stand and walk occasionally. He occasionally could kneel, crouch, crawl, and climb ramps and stairs. He could never climb ladders, ropes, or scaffolds. He had to avoid concentrated exposure to extreme cold, wetness, and vibration. He had to avoid concentrated exposure to workplace hazards and he could never work at unprotected heights. Claimant could frequently finger and feel with the left hand. He occasionally would have been off task no more than 5 to 7 percent of the workday in addition to regularly scheduled breaks and/or he would occasionally have been absent no more than 1 to 2 days every 2 to 3 months due to his impairments.
>
> 6. During the period under consideration, claimant was unable to perform any past relevant work (20 CFR 404.1565).
>
> 7. Claimant was born on November 17, 1966 and was 48 years old, which is defined as a younger individual age 45-49, on the date last insured (20 CFR 404.1563).
>
> 8. Claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that claimant is "not disabled," whether or not claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. During the period under consideration, considering claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that claimant could have performed (20 CFR 404.1569 and 404.1569a).

11. Claimant was not under a disability, as defined in the Social Security Act, at any time from October 31, 2014, the alleged onset date, through December 31, 2014, the date last insured (20 CFR 404.1520(g)).

R.pp. 17–27.

### B. Hiott's contentions of error

Hiott argues two errors warrant remand. ECF No. 12 at 5. First, he argues substantial evidence does not support the ALJ's findings with regard to his multiple impairments. Second, he argues the ALJ erred in finding him not credible. For the following reasons, neither of these alleged errors warrant remand.

#### 1. *Hiott failed to show how the ALJ's decision is unsupported.*

Hiott argues substantial evidence does not support the ALJ's decision to reject evidence pertaining to his multiple impairments. His argument, in its entirety, states:

> Hiott's complaints to his physicians are consistent throughout the medical records. The ALJ's decision overestimates [] Hiott's level of functioning and is quite selective in choosing those medical records to which significant weight was afforded.

ECF No. 12 at 5. Hiott does not elaborate beyond these two sentences in his brief. There is no identification of the complaints to which he refers, nor are the physicians to whom he complained identified. Hiott does not identify the portions of the RFC finding he believes he cannot perform, and, perhaps most importantly, he does not identify the evidence he believes deserved more weight.

Such a general allegation of error fails to present anything for this Court to review in its already limited capacity to review the ALJ's decision under the substantial evidence standard. At best, Hiott just disagrees with the ALJ's decision—which is not a basis for remand. At worst, he has waived or abandoned his argument. *See Carter v. Astrue*, 413 F. App'x 899, 906 (7th Cir. 2011) (noting, in reviewing a social security appeal, that "[i]t is not this court's responsibility to research and construct the parties' arguments, and conclusory analysis will be construed as waiver" (citation omitted)). It is not this Court's burden to comb through extensive records, like this one, to develop arguments in a claimant's favor when such arguments should have been presented to this Court for consideration. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (noting Plaintiff has the burden to show that he has a disabling impairment); *see also generally Hensley on behalf of N. Carolina v. Price*, 876 F.3d 573, 580 n.5 (4th Cir. 2017) (noting it is not a court's job "to wade through the record and make arguments for either party," and that a "party must actually develop its argument" when presenting issues to a court siting in an appellate capacity (citations and internal quotation marks omitted)).

In any event, the undersigned cannot identify any reversible error here. To the extent Hiott seems to suggest that the ALJ cherry-picked certain medical evidence, that argument is without merit. The ALJ did not disregard Hiott's complaints or the positive medical findings. *See Smith v. Colvin*, No. 6:15-CV-1750-PMD-KFM, 2016 WL 2619474, at *3 (D.S.C. May 9, 2016) ("[T]he ALJ's decision shows [she] carefully considered all the evidence in the record and, where appropriate, even made findings that favored [the claimant]."). Rather, the ALJ properly performed the duty reserved to the ALJ as the finder of fact by weighing the relevant evidence in reaching her determination. *See* 20 C.F.R. §§ 404.1527(d)(2), .1545(a); .1546(c). In doing so, the ALJ did not selectively rely on some evidence to the exclusion of evidence favorable to Hiott, but instead

carefully considered the relevant evidence in the context of the entire record. *See* R.pp. 20–25; *see also Smith*, 2016 WL 2619474, at *3 (rejecting the claimant's argument that the ALJ cherry-picked the evidence where the ALJ did not rely on some evidence to the exclusion of evidence favorable to claimant). Considered in its entirety, the ALJ's decision was based upon an accurate portrayal of Hiott's longitudinal treatment history, which supported the finding of non-disability. *See Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in [her] decision." (quotation marks and citation omitted)). Therefore, the Court recommends affirming on this issue. *See id.* ("Reid has failed to point to *any* specific piece of evidence not considered by the Commissioner that might have changed the outcome of his disability claim." (emphasis in original)).

### 2. *The ALJ did not err in assessing Hiott's credibility.*

Hiott argues that, in making the credibility assessment, the ALJ erred by ignoring Hiott's "long and uninterrupted work record." ECF No. 12 at 5; R.pp. 241–47. Hiott maintains that his continuous thirteen-year work record should have been considered by the ALJ while deciding Hiott's credibility. Hiott argues that SSR 96-7p[3] requires a consideration of all of the evidence in the case record, including a good work record, and appears to suggest that its absence in the ALJ's decision amounted to error. He argues that a history of "continuous, productive employment is evidence of a claimant's motivation to work, which bears directly upon the issue of disability and credibility of the claimant's subjective complaints." This argument is without merit.

---

[3] Social Security Rulings, or "SSRs," are "interpretations by the Social Security Administration of the Social Security Act." *Pass v. Chater*, 65 F.3d 1200, 1204 n.3 (4th Cir. 1995). They do not carry the force of law but are "binding on all components of the Social Security Administration," 20 C.F.R. § 402.35(b)(1), as well as on ALJs when they are adjudicating Social Security cases. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009).

Here, in reaching her decision, the ALJ set out the proper two-step process for evaluating subjective complaints and discussed Hiott's testimony and the medical record in addressing both the objective and subjective evidence. *See generally* R.pp. 20–24. Specifically, the ALJ found that although Hiott did have medically determinable impairments that could reasonably be expected to cause the symptoms alleged, Hiott's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the evidence in the record for the reasons explained in her decision. R.p. 20. The ALJ recounted Hiott's testimony regarding his cervical spine surgeries in 2012 and how these surgeries helped alleviate his pain; his reported inability to stand, walk, or sit for long periods; his estimate that he could stand for twenty to thirty minutes and sit for thirty to forty-five minutes depending on the chair; his doctors' advice to lose weight to help with pain; his use of narcotic pain medication; and his report of sitting in a recliner all day. R.p. 20. Notwithstanding this testimony, the ALJ found that the "overall evidence of record, however, does not support the degree of limitation alleged by [Hiott]" R.p. 20. The ALJ then discussed and thoroughly reviewed the medical evidence that conflicted with Hiott's subjective statements. *See* R.pp. 20–24.

The undersigned is unable to find any reversible error in the ALJ's decision, as this was the proper analytical framework for the ALJ to follow. *See* 20 C.F.R. § 404.1529(b)–(c); *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) ("What we require is that the ALJ sufficiently articulate [her] assessment of the evidence to 'assure us that the ALJ considered the important evidence . . . [and to enable] us to trace the path of the ALJ's reasoning.'" (first alteration added) (citation omitted)). When objective evidence conflicts with a claimant's subjective statements, an ALJ is allowed to give the statements less weight. *See Craig v. Chater*, 76 F.3d 585, 595 (4th Cir. 1996) ("Although a claimant's allegations about her pain may not be discredited solely because

9

they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment[.]"); *Jolley v. Weinberger*, 537 F.2d 1179, 1181 (4th Cir. 1976) (finding that the objective medical evidence, as opposed to the claimant's subjective complaints, supported an inference that she was not disabled). Thus, the ALJ properly considered inconsistencies between Hiott's testimony and other evidence of record in evaluating the credibility of Hiott's subjective complaints. *See Johnson v. Barnhart*, 434 F.3d 650, 658 (4th Cir. 2005) ("Although we cannot make credibility determinations, we are empowered to review the ALJ's decisions for substantial evidence, and we find that substantial evidence supports the ALJ's credibility assessment."); *Hunter v. Sullivan*, 993 F.2d 31, 35–36 (4th Cir. 1993) (reasoning an ALJ may properly consider inconsistencies between a claimant's testimony and the other evidence of record in evaluating the credibility of a claimant's subjective complaints).

Moreover, despite several instances where the objective evidence did not support a certain limitation, the ALJ identified places she found Hiott *more* limited, in deference to his complaints. For example, the ALJ explained that although Hiott's treatment records did not document regular findings of significantly abnormal range of motion, the ALJ nevertheless limited Hiott to occasional (i.e., up to a third of the time) kneeling, crouching, crawling, and climbing ramps/stairs. R.p. 24. Further, the ALJ gave Hiott "the benefit of the doubt that pain and other symptoms associated with his severe impairments would result in his having been off task no more than [five] to [seven] percent of the workday in addition to regularly scheduled breaks and/or in his occasionally having been absent no more than [one] to [two] days every [two] to [three] months due to his impairments." R.p. 24.

To the extent Hiott argues his work history supports his position, this Court may not overturn a decision that is supported by substantial evidence just because the record may contain conflicting evidence. *See Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("We must sustain the ALJ's decision, even if we disagree with it, provided the determination is supported by substantial evidence . . . [t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."). It is the job of the ALJ to weigh evidence and resolve any evidentiary conflicts, not this Court. *Johnson*, 434 F.3d at 653 ("In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ].").

Furthermore, to the extent Hiott argues SSR 96-7p required the ALJ to include a discussion of Hiott's work history, such argument is without merit. SSR 96-7p was superseded by SSR 16-3p on March 16, 2016, which was prior to the filing of Hiott's current application. *See* SSR 16-3P, 2016 WL 1119029, at *1 (S.S.A. Mar. 16, 2016) (noting "we are eliminating the use of the term 'credibility' from our sub-regulatory policy, as our regulations do not use this term. In doing so, we clarify that subjective symptom evaluation is not an examination of an individual's character"). Thus, Hiott's reliance on SSR 96-7p is misplaced; and, in any event, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in [her] decision." *See Reid*, 769 F.3d at 865 (quotation marks and citation omitted).

Based on the record and evidence, the undersigned does not find that the ALJ conducted an improper subjective complaint analysis in reaching her conclusions, nor does the undersigned find that the ALJ's decision otherwise reflects a failure to properly consider the record and evidence in this case. *See Bowen*, 482 U.S. at 146 n.5 (noting Plaintiff has the burden to show that he has a disabling impairment); *Kellough v. Heckler*, 785 F.2d 1147, 1149 (4th Cir. 1986) ("If the

Secretary's dispositive factual findings are supported by substantial evidence, they must be affirmed, even in cases where contrary findings of an ALJ might also be so supported."). Accordingly, remand is not warranted.

## IV.   RECOMMENDATION

Because this Court was not "left to guess" at how the ALJ came to her RFC determination, the ALJ's decision should be affirmed. *See Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (noting, in conducting an RFC analysis, an ALJ must identify both the evidence that backs her conclusion, and "build an accurate and logical bridge from [that] evidence to [her] conclusion"). Ultimately, substantial evidence supports the ALJ's decision. *See Biestek*, 139 S. Ct. at 1154 (noting substantial evidence is an evidentiary standard that is not high: it is "more than a mere scintilla" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"). Accordingly, it is **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED.**

_____
Molly H. Cherry
United States Magistrate Judge

September 30, 2021
Charleston, South Carolina

**The parties are directed to the next page for their rights to file objections to this recommendation.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).